JUANITA WONDERLY, Appellant, v. FRANK OERTEL, Appellee.

APPEAL AND ERROR: Failure to Except. When a motion for a directed verdict is sustained on several *different* grounds, among which is one which asserts the non-existence of the *one act of negligence alleged*, plaintiff must except to the ruling on said latter ground, in order to preserve anything for review on appeal.

*Appeal from Lee District Court.—*W. S. HAMILTON, Judge.

FEBRUARY 17, 1919.

PLAINTIFF and appellant charged that certain negligence of appellee in driving an automobile caused a collision between said automobile and a motorcycle upon which plaintiff was riding, and that thereby she was injured. She appeals because the court directed the jury to return a verdict against her.—*Affirmed.*

*Hughes, Rankin & Dolan,* for appellant.

*Frank Oertel* and *W. C. Blood,* for appellee.

SALINGER, J.—I. From the petition as originally drawn, the plaintiff withdrew the allegation that defendant drove his automobile at a dangerous and unlawful rate of speed, and the further allegation that defendant gave no warning, either by sounding of his horn or otherwise. On the authority of *Monaghan v. Equitable L. Ins. Co.,* 184 Iowa 352, verdict was rightly directed for defendant unless plaintiff has some substantial evidence of such charge of negligence as remains in her petition after said eliminations by withdrawal. What remains of the petition declares that plaintiff, with her brother, was riding a motorcycle on the crossing of Seventh and Main Streets, on the right side of said "street;" that defendant was, about the same time, coming in an automobile down Main Street from the west on the opposite side, on the right side of said street, "and, when approaching the westerly corner of said Seventh and Main Streets, turned and angled across easterly to said left side of Main Street, and so negligently and carelessly drove his said automobile in and upon plaintiff while she was so riding upon said motorcycle * * * Defendant negligently and carelessly and knowingly ran upon and over the plaintiff." This seems to us to be a

declaration which limits the negligence alleged to turning and angling from the westerly corner of Seventh and Main Streets across easterly to the left side of Main Street. The first ground of the sustained motion to direct verdict is that there is no foundation in the record showing defendant turned and angled across easterly to the west side of Main Street, and so negligently and carelessly drove said automobile at the time and place in question. We are unable to find any complaint whatever of the sustaining of this ground of the motion. The errors relied on for reversal take sustaining the fourth ground of the motion as their starting point. We are of opinion that no other ground urged in the motion to direct verdict is, in substance, the equivalent of said first ground of the motion. It follows that, since sustaining the motion on the first ground thereof is not complained of on this appeal, that we must treat sustaining that ground of the motion as we would if no exception to the ruling had been taken below. In effect, failure to complain of this ruling makes the ruling the law of the case. In sustaining the first ground of the motion, the court necessarily held that there is no evidence which shows that defendant turned and angled across easterly to the left side of Main Street. As that is the sole negligence charged, the ruling amounted to a determination that plaintiff had no evidence to sustain her petition, and, as said, that holding has become final, for want of complaint thereof. If it be assumed that the ruling was erroneous, it is still the law of the case until duly set aside—and it may not be duly set aside unless some complaint, in manner recognized by law, is lodged in the appellate court against said ruling. As a holding that sustaining the first ground of the motion disposes of the case against plaintiff, we have no occasion to consider whether or not other grounds of the motion were tenable.

It is not amiss to add that, in our opinion, there was,

in fact, no sufficient evidence of the negligence relied on by the plaintiff. It follows that the judgment must be—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.